UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LORA RAE SEAMON,
    Plaintiff

v.    CIVIL ACTION NO. 2:05-CV-486-T

ALABAMA FAMILY PRACTICE, P.C.,    *JURY TRIAL DEMANDED*
    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, Lora Rae Seamon, by and through counsel, and hereby complains against the defendant as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper pursuant to federal question jurisdiction over claims brought under 28 U.S.C. § 1331, 28 U.S.C. § 2201-2202, Title VII of the Civil Rights Act of 1964, more particularly, 42 U.S.C. §§ 2000e(k), 2000e-2, and 2000e-5, et.seq. (as amended), and 42 U.S.C. § 1981a.

2. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity on or about December 12, 2004. The Commission has been contacted by the plaintiff on several occasions. The plaintiff, through her legal counsel, has formally requested a right to sue letter on two occasions. No right to sue letter has been forthcoming. Six calendar months have past since the filing of the charge of discrimination.

3. All causes of action enumerated herein and all claims made by Plaintiff arose in the Middle District of Alabama.

### PARTIES

4. Plaintiff Lora Rae Seamon (hereinafter, "Seamon") is a resident of Autauga County,

Alabama, over the age of Nineteen (19) years, and was employed by defendant Alabama Family Practice, P.C., (hereinafter, "the employer") at all times material hereto.

5. Defendant Alabama Family Practice, P.C., is a corporation doing business in Alabama, with a place of business at 370 St. Lukes Drive, Montgomery, Alabama, 36117.

## NATURE OF THIS ACTION

6. This is a proceeding for a declaratory judgment as to Seamon's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Seamon because of her sex, and from subjecting her to disparate treatment with respect to promotion, compensation, benefits, and privileges of employment. The Complaint also seeks restitution to Seamon of all rights, privileges, benefits and income that would have been received by her but for the defendant's unlawful and discriminatory practices. Further, Seamon seeks compensatory and punitive damages for her suffering as a consequence of the wrongs alleged herein.

7. Seamon avers that the defendant acted to deny Seamon her rights under the laws of the United States of America and such action was designed to discriminate against her, a female.

8. Seamon avers that the defendant's actions were designed to prevent her and other similarly situated females from obtaining an equality with non-protected group members, males, in pay, benefits and treatment.

9. As a proximate result of the illegal actions alleged above, Seamon has been damaged in that she has been deprived of pay and benefits, as well as caused to suffer great humiliation and mental anguish from then until now.

10. Seamon avers that the defendant's unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her due to her sex, female.

11. This action is brought to claim equitable relief and compensatory and punitive damages of the defendant for sex discrimination.

## FACTUAL ALLEGATIONS

12. Seamon expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

13. Seamon was at all times material hereto employed by the employer as a file clerk.

14. As of December 6, 2004, Seamon was approximately eight months pregnant.

15. On or about December 6, 2004, Seamon was terminated by the manager of the physician's office, Dr. Kathy Lindsey.

16. At all times during her employment Seamon performed the functions of her job to the reasonable expectations of the employer.

17. Dr. Lindsey directly told Seamon at the time of her termination that she was being terminated because Seamon was pregnant. Dr. Linsey told her that she was not sure how much longer Seamon would be able to work there and that he was concerned that she might hurt herself because of her "condition."

18. As a direct and proximate consequence of the conduct of the employer, Seamon has been caused to suffer great embarrassment, humiliation, mental anguish and emotional distress from then until now. She has suffered a loss of pay and benefits and the opportunity to earn more pay and benefits.

## COUNT I – SEX DISCRIMINATION

19. Seamon expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

20. Seamon is a member of a protected group in that she is a female; at all times material hereto,

she was also pregnant.

21. Seamon was highly qualified for the job she held and was performing her duties in accordance with the reasonable expectations of the employer.

22. Seamon's job remained open.

23. The job was filled by a person in a non-protected class (non-pregnant) of no greater qualifications than Seamon.

24. Seamon's termination was effected because of her sex, female, and her sexual status, pregnant, in violation of the Pregnancy Discrimination Act codified as a part of 42 U.S.C.A. § 2000e(k). All other proferred reasons were merely pretextual.

25. Seamon was damaged thereby as set forth hereinabove.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Seamon demands judgment in her favor and against the defendant as follows:

A. Seamon prays that the Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

B. Seamon prays that the Court will permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Seamon prays that the Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law:

D. Seamon demands Compensatory damages of Three Hundred Thousand Dollars ($300,000) as a consequence of her mental anguish and emotional distress;

E. Seamon demands Punitive damages of the defendant in an amount to be determined by the trier of facts;

F. Seamon prays that the Court will grant such other, further and different relief as to which she may be entitled, including such equitable relief as back pay and front pay as she would have earned absent the wrongful acts of the defendant;

G. Seamon prays that the Court will grant her the cost of this action including reasonable attorney's fees;

H. Seamon prays that the Court will enjoin the defendant from any retaliation against her for having brought this action.

RESPECTFULLY SUBMITTED on this the 23rd day of May, 2005.

                                                                       ANDY NELMS (NEL022)
JAY LEWIS (LEW031)
Attorneys for Plaintiff.

LAW OFFICES OF JAY LEWIS
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
j-lewis@jaylewislaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**