IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORA RAE SEAMON, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Civil Action No. 2:05-cv-00486 |
| | * |
| ALABAMA FAMILY PRACTICE, P.C., | * |
| | * |
| Defendant. | * |

## ANSWER TO COMPLAINT

Comes now the Defendant, Alabama Family Practice, P.C., and for answer to Plaintiff's Complaint, says as follows:

## JURISDICTION

1. Defendant denies each and every material allegation set forth in Paragraph 1 of Plaintiff's Complaint.

2. This Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about December 12, 2004. This Defendant lacks sufficient knowledge or information with which to admit or deny the allegation of whether Plaintiff contacted the Equal Employment Opportunity Commission on several occasions. Notwithstanding this, the Plaintiff has not satisfied the administrative prerequisites to filing suit inasmuch as no right to sue letter has been issued by the Equal Employment Opportunity Commission. For this reason, this Complaint is due to be dismissed.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## NATURE OF THIS ACTION

6. Inasmuch as the statements set forth in Paragraph 6 of Plaintiff's Complaint are descriptions of Plaintiff's causes of action, no response is required of this Defendant. Notwithstanding this, Defendant denies that Plaintiff is entitled to declaratory judgment or a permanent injunction regarding employment practices. This Defendant also denies that Plaintiff is entitled to restitution, rights, privileges or income and further denies that Plaintiff is not entitled to compensatory or punitive damages.

7. Defendant denies each and every material allegation contained in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. Defendant denies each and every material allegation contained in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Defendant denies each and every material allegation contained in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Defendant denies each and every material allegation contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Defendant denies each and every material allegation contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

## FACTUAL ALLEGATIONS

12. Defendant repeats and realleges its responses to Paragraphs 1-11 of Plaintiff's Complaint as if set out fully herein.

13. This Defendant admits that Plaintiff was hired as a file clerk.

14. This Defendant lacks sufficient knowledge and information with which to admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies each and every material allegation contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies each and every material allegation contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies each and every material allegation contained in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies each and every material allegation contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I – SEX DISCRIMINATION

19. Defendant repeats and realleges its responses to Paragraphs 1-18 of Plaintiff's Complaint as if set out fully herein.

20. Defendant denies each and every material allegation contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies each and every material allegation contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies each and every material allegation contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies each and every material allegation contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies each and every material allegation contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies each and every material allegation contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, this Defendant states that Plaintiff is not entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint should be dismissed, in whole or in part, to the extent Plaintiff fails to state a claim upon which relief can be granted.

2. Upon information and belief, Plaintiff has had and continues to have the ability to mitigate damages, and to the extent that mitigation has not occurred, Defendant pleads failure to mitigate as a full or partial bar to Plaintiff's recovery.

3. Defendant's actions as they related to Plaintiff were based on legitimate, non-discriminatory factors.

4. At all times relevant to this lawsuit, Defendant acted in good faith with respect to Plaintiff, and it had reasonable grounds for believing that its actions were not in violation of any law.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or the applicable statute of limitations.

6. With regard to the allegations contained in Plaintiff's Complaint, this Defendant pleads not guilty.

7. Defendant's policies, practices and decisions with respect to Plaintiff were at all times based on legitimate and non-retaliatory business reasons.

8. Defendant's actions with respect to Plaintiff were at all times reasonable and undertaken in good faith.

9. Plaintiff's claims are barred, in whole or in part, because some or all damages claimed by Plaintiff were caused, aggravated, or attributed to the Plaintiff's own conduct or failure to act.

10. Plaintiff has failed to satisfy the administrative requirements to filing suit.

11. Plaintiff's claims are limited to the matters raised in her Equal Employment Opportunity Commission Complaint.

s/Mike Brock
Bar Number: brocr5280
Attorney for Defendant Alabama Family
   Practice, P.C.
**Rushton, Stakely, Johnston
   & Garrett, P.A.**
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: 334/834-8480
Fax: 334/262-6277
E-mail: rcb@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis
j-lewis@jaylewislaw.com

Keith Anderson Nelms
andynelms@jaylewislaw.com and nelmsandy@hotmail.com

                         s/Mike Brock
                         Bar Number: brocr5280
                         Attorney for Defendant Alabama Family
                             Practice, P.C.
                         **Rushton, Stakely, Johnston**
                             **& Garrett, P.A.**
                         Post Office Box 270
                         Montgomery, Alabama 36101-0270
                         Telephone: 334/834-8480
                         Fax: 334/262-6277
                         E-mail: rcb@rsjg.com