UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORA RAE SEAMON,       Plaintiff | * * * | |
| v. | * * | CIVIL ACTION NO. 2:05-cv-00486 |
| ALABAMA FAMILY PRACTICE, P.C.,       Defendant. | * * | |

**RESPONSE TO MOTION TO DISMISS**

COMES NOW Plaintiff in the above-styled matter and respectfully moves this Honorable Court to Strike the defendant's Motion to Dismiss filed June 14, 2005, stating for cause as follows:

**STATEMENT OF THE CASE**

1. Lora Rae Seamon is a resident of Autauga County, Alabama, over the age of Nineteen (19) years, and was employed by defendant Alabama Family Practice, P.C.

2. On or about December 6, 2004, Seamon was terminated by the manager of Alabama Family Practice, P.C., Dr. Kathy Lindsey.

3. Dr. Lindsey directly told Seamon at the time of her termination that she was being terminated because Seamon was pregnant. Dr. Linsey told her that she was not sure how much longer Seamon would be able to work there and that he was concerned that she might hurt herself because of her "condition."

4. Plaintiff filed a Charge of Discrimination with the Birmingham, Alabama, office of the Equal Employment Opportunity Commission ("EEOC") on December 14, 2004. Plaintiff alleged she was a victim of sex discrimination in violation of the Pregnancy Discrimination Act of Title VII.

5. Plaintiff requested Right to Sue letters from the EEOC in February, March and June of 2005.

       These letters specifically requested that the EEOC provide a Right to Sue letter should the EEOC investigation fail to conclude after the 180 statutory window. The EEOC failed to respond to Plaintiff's requests and failed to provide the requested Right to Sue letter.

6.     Plaintiff filed suit on May 23, 2005. Filing of this suit was over 180 days from the date of the filing of the Charge of Discrimination.

**LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS**

7.     A federal court may not properly dismiss a complaint under Rule 12(b)(6) unless the court finds that relief could not be granted under any possible set of facts consistent with the allegations in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). In making this determination, the court should take all well-pleaded factual allegations as true, and view such allegations in the light most favorable to the nonmoving party. *Hishon*, 467 U.S. 69, at 73. The Eleventh Circuit has characterized the threshold for surviving a 12(b)(6) motion as being "exceedingly low." *Ancata v. Prison Health Services, Inc*., 769 F.2d 700, 703 (11th Cir. 1985). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only what is known as "notice pleading." In the words of the Supreme Court: The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts up on which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 45, 47 (1957).

8.     In concert with the liberal spirit of Rule 8(a)(2), the Supreme Court most recently held in *Swierkiewicz v. Sorema*, 2002 WL 261807, at 3 (U.S. 2002), that with regard to the filing of a Title VII employment discrimination complaint, a heightened standard of pleading is not required, stating: "... we have rejected the argument that a Title VII complaint requires greater "particularity," because

this would "too narrowly constric[t] the role of the pleadings." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n. 11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply. See, e.g., *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"). *Id.* at 3.

**FAILURE TO EXHAUST EEOC ADMINISTRATIVE REMEDIES REGARDING "RIGHT TO SUE LETTERS"**

9.      This very Court in *Dinkins v. Charoen Pokphand USA, Inc.*, 133 F. Supp. 2d 1254 (M.D. Ala. 2001), opined,

> a district court may never dismiss a Title VII lawsuit solely because EEOC did not issue a timely right-to-sue letter. So long as the plaintiff has filed a proper EEOC charge, her failure to satisfy this condition precedent is cured by the subsequent receipt of the letter. Congress never intended for innocent victims to suffer from the fact that EEOC is sorely overworked and under funded. See *Kravec v. Chicago Pneumatic Tool Co.*, 579 F. Supp. 619, 621 (N.D. Ga. 1983). To the extent that certain Plaintiffs filed suit prematurely, the court finds that these errors have been subsequently cured or will be cured prior to trial. Accordingly, the court turns to the merits of the case.

THE ABOVE CONSIDERED, Plaintiff requests that the defendant's Motion to Dismiss be denied.

RESPECTFULLY submitted this the _14th_ day of June, 2005.

s/K. ANDERSON NELMS
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390

andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing on the following parties and/or counsel by placing a copy of the same in the United States mail, postage prepaid and properly addressed, or by hand delivery on this_14th_ day of June, 2005.

Mike Brock
RUSHTON, STAKELY, JOHNSTON,
    & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101-8480

s/K. ANDERSON NELMS
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K