UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LORA RAE SEAMON,** | * |
| **Plaintiff** | * |
| | * |
| v. | *  **CIVIL ACTION NO. 2:05-cv-00486-wkw** |
| | * |
| **ALABAMA FAMILY PRACTICE, P.C.,** | * |
| **Defendant.** | * |

### PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

COMES NOW the Plaintiff Lora Rae Seamon moving this Honorable Court for an extension of the cut-off of discovery. Accordingly, Plaintiff states as follows:

1. This matter was filed on May 23, 2005. (Court Doc. #1). The defendant answered with a Motion to Dismiss. (Court Doc. #2). The Complaint was amended on June 27, 2005. (Court Doc. #10). The defendant answered the Amended Complaint on July 5, 2005. (Court Doc. #13). The parties met and filed a Rule 26(f) Parties Planning Report on July 17, 2005. (Court Doc. #14). The Court issued a Scheduling Order on August 2, 2005. (Court Doc. #18).

2. Pursuant to the Scheduling Order, the cut-off date for all amended pleadings was January 3, 2006. The Pre-Trial Hearing date was set for June 23, 2006. The Scheduling Order mandated the cut-off for all dispositive motions as 90-days prior to the Pre-Trial Hearing or March 27, 2006. The defendant filed a Motion for Summary Judgment with accompanying memorandum on March 27, 2006. (Court Doc. #22). The discovery cut-off is March 31, 2006.

3. In its Motion for Summary Judgment memorandum the defendant raises for the first time the affirmative defense of 42 U.S.C. §2000e(b) that states, in relevant part, that any employer subject to a Title VII claim must employ fifteen or more employees for each working day in

each of twenty or more calendar weeks in the current or preceding calendar year. In its Motion for Summary Judgment memorandum, the defendant attaches the affidavit of Dr. Kathy Lindsey. Dr. Lindsey is the designated managing partner for the defendant. In her affidavit, Dr. Lindsey provides statements supporting the defendant's claim that the defendant is exempt from Title VII liability based upon the number of employees employed by the defendant during the relevant time period. (Court Doc. #22, Exhibit 4, ¶¶ 4-9).

4. Specifically, the defendant claims that it concludes that the three doctor partners of the defendant should not be included in any accounting of employees. The defendant's argument is based upon varied case law and the application of facts contained within the Lindsey affidavit. (Court Doc. #22, PP.8-10). The defendant did not raise this affirmative defense in its Motion to Dismiss or the Answer to the Amended Complaint. The defendant did not attempt to amend its answer prior to the cut-off for amended pleadings of January 3, 2006 nor did the defendant provide evidence relevant to the affirmative defense in its initial disclosures.

5. During the discovery phase of this case the parties exchanged written discovery requests and performed three depositions in anticipation of trial. Among the deponents was Dr. Kathy Linsey. However, due to the fact that the affirmative defense was never previously raised, Plaintiff did not request or depose the defendant or representative of the defendant relevant to 42 U.S.C. §2000e(b).

6. For the foregoing reasons, Plaintiff requires an additional twenty days to perform discovery specifically related to the newly raised affirmative defense 42 U.S.C. §2000e(b). Plaintiff suggests that the limited discovery will require the production of documents relevant to the partnership and employment of the three partners, as well as the oral depositions of all three.

7.   For the foregoing reason, Plaintiff files this Motion for extension of time to perform limited discovery. As an attachment hereto, Plaintiff includes her proposed written discovery request specific to the allegations raised in the defendant's affirmative defense. Furthermore, Plaintiff files separately motions for the shortening of time for the defendant to respond to written discovery and to strike the newly raised affirmative defense.

Respectfully submitted this the __30th___ day of March, 2006.

/s/ K. Anderson Nelms
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following parties and/or counsel by placing a copy of the same in the United States mail, postage prepaid and properly addressed, or by hand delivery on this_30th_ day of March, 2006.

Mike Brock
Brett Garrett
Ben Wilson
Bethany Bolger
RUSHTON, STAKELY, JOHNSTON,
    & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101-8480

/s/ K. Anderson Nelms
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103

Phone: (334) 263-7733  
Fax: (334) 832-4390  
andynelms@jaylewislaw.com  
ASB-6972-E63K  
Counsel for Plaintiff