IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LORA RAE SEAMON,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| v. | *      Case No. 2:05-cv-486-wkw |
| | * |
| **ALABAMA FAMILY PRACTICE,** | * |
| **P.C.,** | * |
| | * |
|     **Defendant.** | * |

**DEFENDANT ALABAMA FAMILY PRACTICE, P.C.'S
RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

COMES NOW, the Defendant, Alabama Family Practice, P.C., and responds to Plaintiff's Motion to Extend Discovery Deadline (Doc. 26) as follows:

1. In support of her Motion to Extend Discovery Deadline ("Motion"), Plaintiff refers to Defendant's Motion for Summary Judgment (Doc. 22) argument that it does not have the required number of employees to be considered a covered employer under Title VII as an "affirmative defense."

2. Plaintiff does not cite to any legal authority to support her position that the employee-numerosity requirement is an "affirmative defense."

3. In fact, as cited in Defendant's Brief in Support of Motion for Summary Judgment (Doc. 22), the U.S. Supreme Court has held that "[t]he threshold number of employees for application of Title VII of the Civil Rights Act of 1964 is an element of a plaintiff's claim for relief." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 163 L. Ed. 2d 1097, 1110-11 (2006) (emphasis added).

4. In *Arbaugh*, the Court granted certiorari in order to resolve a dispute among the federal circuit courts. That is, there were "conflicting opinions in Courts of Appeals on the question whether Title VII's employee-numerosity requirement…is jurisdictional or simply an element of a plaintiff's claim for relief." *Arbaugh*, *supra*, 163 L. Ed. 2d at 1106.

5. Thus, even before *Arbaugh*, there was no indication that the employee-numerosity requirement was an affirmative defense. The only conflict among the circuits was whether it was an issue of subject-matter jurisdiction (which could be raised even after a trial on the merits) or an element of a plaintiff's claim for relief (which could be raised up to, but not beyond, a trial on the merits). *See Arbaugh*, *supra*, 163 L. Ed. 2d at 1104-05.

6. Defendant disputes Plaintiff's assertions that the employee-numerosity requirement is an "affirmative defense." Plaintiff has not cited any authority to support her assertions, and Defendant is not aware of any such authority.

Respectfully submitted this 31st day of March 2006.

 _/s/ Bethany L. Bolger_
Mike Brock
Ben C. Wilson
Bethany L. Bolger
Attorneys for Defendant
Alabama Family Practice, P.C.

OF COUNSEL:

**RUSHTON, STAKELY, JOHNSTON
   & GARRETT, P. A.**
Post Office Box 270
Montgomery, Alabama 36067
334/834-8480

CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
K. Anderson Nelms, Esq.
Law Offices of Jay Lewis
P.O. Box 5059
Montgomery, Alabama 36103
j-lewis@jaylewislaw.com
andynelms@jaylewislaw.com
nelmsandy@hotmail.com

                                                   /s/ Bethany L. Bolger*
                                                 Of Counsel