# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **LORA RAE SEAMON,** | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. 2:05-cv-00486-wkw** |
| | * | |
| **ALABAMA FAMILY PRACTICE, P.C.,** | * | |
| **Defendant.** | * | |

### PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MEMORANDUM AND ATTACHED AFFIDAVIT

**COMES NOW** the Plaintiff Lora Rae Seamon moving this Honorable Court to strike portions of Defendant's Motion for Summary Judgment Memorandum and relevant portions of the attached affidavit of Dr. Kathy Lindsey. Accordingly, Plaintiff states as follows:

**I.    SUMMARY OF UNDISPUTED FACTS**

1.    This case was filed on May 23, 2005. (Court Doc. #1). The defendant answered with a Motion to Dismiss. (Court Doc. #2). The Complaint was amended on June 27, 2005. (Court Doc. #10). The defendant answered the Amended Complaint on July 5, 2005. (Court Doc. #13). The cut-off date for amended pleadings was January 3, 2006. The defendant filed a Motion for Summary Judgment with accompanying memorandum on March 27, 2006. (Court Doc. #22).

2.    In its Motion for Summary Judgment memorandum, the defendant raises for the first time the affirmative defense of 42 U.S.C. §2000e(b) that states, in relevant part, that any employer subject to a Title VII claim must employ fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. In its Motion for Summary Judgment memorandum, the defendant

attaches the affidavit of Dr. Kathy Lindsey.  Dr. Lindsey is the designated managing

partner for the defendant.  In her affidavit, Dr. Lindsey provides statements supporting the

defendant's claim that the defendant is exempt from Title VII liability based upon the

number of employees employed by the defendant during the relevant time period.  (Court

Doc. #22, Exhibit 4, ¶¶ 4-9).  Specifically, the defendant claims that the three

doctor/partners of the defendant should not be included in any accounting of employees

because the doctor/partners are not employees of the defendant.  The defendant's

argument is based upon varied case law and the application of facts contained within the

Lindsey affidavit.  (Court Doc. #22, PP.8-10).

3.      The defendant did not raise this affirmative defense in its Motion to Dismiss or the

Answer to the Amended Complaint.  The defendant did not attempt to amend its answer

prior to the cut-off for amended pleadings on January 3, 2006.


## II.      STANDARD OF REVIEW

Rule 8( c) of the Federal Rules of Civil Procedure requires defendants to plead

affirmative defenses.

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and
> satisfaction, arbitration and award, assumption of risk, contributory negligence,
> discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,
> illegality, injury by fellow servant, laches, license, payment, release, res judicata,
> statute of frauds, statute of limitations, waiver, *and any other matter constituting*
> *an avoidance or affirmative defense.* Fed.R.Civ.P. 8( c);

Any matter "constituting an avoidance or affirmative defense" to the matters raised in the

plaintiff's complaint must be pleaded in a timely manner or it is deemed to be waived. *Taylor v.*

*U.S.*, 108 S.Ct. 1300 (1988).  *See also*, 5C *Wright and A. Miller, Federal Practice and*

*Procedure,* §1278*,* at 339 (1969)(failure to plead affirmative defense results in waiver and exclusion of defense from case). The courts have generally treated statutory exemptions from remedial statutes like 42 U.S.C. §2000e(b) as affirmative defenses. *Jackson v. Seaboard Coast Line R. Co.* 678 F.2d 992, 1013 (11th Cir. 1982)(Title VII is a remedial statute; statutory exemptions are considered affirmative defenses).

A party may not raise an affirmative defense in a memorandum offered in support of a motion for summary judgment. *Kennan v. Dow Chemical Co.*, 717 F.Supp. 799, 808 (M.D. Fla. 1989), *citing, Funding Systems Leasing Corp v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976).

## III.    ARGUMENT

The portions of the defendant's Motion for Summary Judgment which address a claim of an affirmative defense pursuant to 42 U.S.C. §2000e(b) should be stricken. Rule 8( c) of the Federal Rules of Civil Procedure dictate that the defendant should have raised its affirmative defense in an amended answer.

The proper procedure for amending pleadings is Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) declares that leave to amend "shall be freely given when justice so requires". However, the non-movant (Plaintiff) should not be unduly prejudiced by the allowance of such an amendment. The Supreme Court opined in *Forman v. Davis*,

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'
> 371 U.S. 178,182.

Each of the aforementioned exceptions to the "freely given" leave to amend have been committed by this defendant. As mentioned above, the defendant does not raise this affirmative defense until four days before the close of discovery. The defendant has filed a Motion to Dismiss and an answer in this suit thus far yet the defendant fails to address the number of employees exemption. The defendant did not amend prior to the Rule 16 cut-off date for amended pleadings. The defendant has been dilatory and has failed to cure deficiencies. The defendant is attempting to interject an affirmative defense at such a late date that the plaintiff cannot perform relevant discovery. The defendant's attempt to cure creates undue burden and prejudice.

The defendant's argument hinges on issues of fact, such as, the nature and capacity of the doctor/partners and whether the relationship shared between the doctor/partners creates agency. At this late date, it is impossible for the plaintiff to investigate the validity of the defendant's assertions without an opportunity to perform discovery.

**CONCLUSION**

Accordingly, Plaintiff respectfully requests the Court to strike any reference to the affirmative defense raised for the first time in the defendant's Motion for Summary Judgment and Memorandum.

Respectfully submitted this the _31_ day of March, 2006.

/s/ K. Anderson Nelms
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390

andynelms@jaylewislaw.com

ASB-6972-E63K

Counsel for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC

P.O. Box 5059

Montgomery, AL 36103

(334) 263-7733 (Voice)

(334) 832-4390 (Fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following parties and/or counsel by placing a copy of the same in the United States mail, postage prepaid and properly addressed, or by hand delivery on this_30th_ day of March, 2006.

Mike Brock

Brett Garrett

Ben Wilson

Bethany Bolger

RUSHTON, STAKELY, JOHNSTON,

        & GARRETT, P.A.

Post Office Box 270

Montgomery, AL 36101-8480

/s/ K. Anderson Nelms

K. ANDERSON NELMS

P.O. Box 5059

Montgomery, AL 36103

Phone: (334) 263-7733

Fax: (334) 832-4390

andynelms@jaylewislaw.com

ASB-6972-E63K

Counsel for Plaintiff